**Opinion filed September 10, 2009**



# In The

# Eleventh Court of Appeals

———

## No. 11-08-00121-CR

———

## KEITH BERNARD VANDERBILT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16232B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Keith Bernard Vanderbilt of the first degree felony offense of sexual assault and the second degree felony offense of attempted sexual assault. The trial court found an enhancement allegation charging appellant as a repeat offender on each charge to be true and assessed his punishment for the sexual assault conviction at confinement for life and for the attempted sexual assault at twenty years confinement. The trial court ordered that the sentences run concurrently. In his sole appellate issue, appellant contends that he received ineffective assistance of counsel at trial because his counsel denied him the right to testify on his own behalf. We affirm.

A criminal defendant has a constitutional right to testify on his own behalf. *Smith v. State*, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009) (citing *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987)). This right can be knowingly and voluntarily waived only by the defendant, not by his counsel. *Id.* (citing *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997)). The trial court has no duty to inform a defendant represented by counsel of his right to testify. *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). Rather, "defense counsel shoulders the primary responsibility to inform the defendant of his right to testify, including the fact that the ultimate decision belongs to the defendant." *Id.* Because imparting that information is defense counsel's responsibility, a claim by a defendant that he was denied his right to testify is properly addressed under the *Strickland*[1] framework for ineffective-assistance-of-counsel claims. *Smith*, 286 S.W.3d at 341-42; *Johnson*, 169 S.W.3d at 235, 239.

To establish ineffective assistance of counsel, appellant must show that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 690, 694; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective-assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Mallett*, 65 S.W.3d at 63. To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 814.

In this cause, the record is silent as to whether appellant's trial counsel informed appellant that he had the right to testify and that the ultimate decision as to whether to testify belonged to appellant. After the punishment phase evidence was concluded, the trial court asked appellant if there was anything that he wanted to say before sentence was pronounced. Appellant addressed the

_____

[1]*Strickland v. Washington*, 466 U.S. 668 (1984).

trial court. In his brief, appellant relies on the following statements that he made to the trial court about his trial counsel:

> He told me I couldn't speak in court. I wrote him a note and slid it to him. He looked, and the officer that brought me to the court looked. . . . He takes me in there and tells me not – don't even want me to say nothing. You know, he just wants me to stand here quiet just like I done the whole trial. I never said I didn't want to testify. That was him. He didn't want me to open my mouth at all to hear no side of what I had to say. I just don't see how that's fair.

These statements do not support appellant's contention that he received ineffective assistance of counsel. First, the statements do not indicate that appellant's counsel failed to advise him of his right to testify, that appellant ever told his trial counsel that he wanted to testify, or that his trial counsel somehow prevented him from testifying. Second, the statements were not evidence. Appellant did not make the statements under oath. He made them while addressing the trial court at the punishment hearing.

Appellant did not raise his ineffective-assistance-of-counsel claim in a motion for new trial; therefore, he did not present any evidence to the trial court in support of his claim. Because the record contains no evidence to support appellant's claim, we cannot conclude that appellant's trial counsel's performance was deficient. *See Salinas*, 163 S.W.3d at 741 ("[A]ppellant's assertions in his brief on appeal, in the absence of anything in the trial record, are insufficient to show that he asserted his right to testify and his attorney failed to protect it."). Appellant has not met the standards set out in *Strickland*. Therefore, we overrule appellant's sole issue.

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE

September 10, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.